IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Case No. 04-cv-01060-MSK-BNB

DAWN DeJULIO,

    Plaintiff,

v.

ADELPHIA,

    Defendant.

_____

**ORDER CLOSING CASE**
_____

    **THIS MATTER** comes before the Court *sua sponte*.

    The Plaintiff *pro se* commenced this action on May 24, 2004. On July 16, 2004, the Defendant filed a Notice of Filing of Petition for Bankruptcy, including an advisement that, as a result of the Defendant's bankruptcy, this case was stayed by operation of 11 U.S.C. § 362. No further action was taken in the case by any party until October 5, 2005, when this Court issued an Order to Show Cause **(# 5)** to the Plaintiff, directing her to show why the action should not be dismissed for failure to prosecute.

    On October 7, 2005, the Plaintiff wrote to the Court,[1] stating that she had made three attempts to contact the Defendant since filing the case, but received no response; was advised by the Clerk of the Court that the case was stayed; and asking for assistance in pursuing the matter.

---

[1] The letter sent by the Plaintiff did not include any certification indicating that a copy was supplied to the Defendant.

1

The Court is cognizant of the Plaintiff's *pro se* status and her lack of legal training or knowledge. At the same time, although the Court may read the Plaintiff's *pro se* filings liberally in her favor, *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), it cannot relieve her of other burdens borne by represented litigants, including the burden of informing herself of her substantive and procedural rights and obligations such as the burden of diligently prosecuting her case. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

The Court, as a neutral adjudicative body, cannot offer the Plaintiff any advice regarding her substantive legal rights or how to proceed. At best, the Court can only observe that the Plaintiff's situation, entailing both the normal difficulties inherent in litigation and additional complication arising from the Defendant's bankrupt status, poses an array of challenges that will likely require the assistance of counsel to successfully navigate. At this stage, it is sufficient for the Court to note that this litigation appears to be stayed by the effect of the Defendant's bankruptcy filing, and there is no indication in the record as to the probable duration of the bankruptcy case or the automatic stay imposed by 11 U.S.C. § 362.

Therefore, the Court will direct that the case be administratively closed at this time. Upon a motion to reopen by the Plaintiff that adequately establishes that both: (i) the case is no longer the subject of the automatic stay of 11 U.S.C. § 362, and (ii) her claim against the Defendant has not been discharged, the Court will direct the reopening of the case.

For the foregoing reasons, the Clerk of the Court is directed to close this case.

Dated this 29th day of November, 2005

BY THE COURT:

*Marcia S. Krieger*
_____

Marcia S. Krieger
United States District Judge
